UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COURTNEY ANITA HELEN CROSS,

                Plaintiff,

v.                                                             6:16-CV-0111
                                                           (GTS)
CAROLYN W. COLVIN
Acting Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

OFFICE OF PETER M. HOBAICA, LLC              B. BROOKS BENSON, ESQ.
  Counsel for Plaintiff
2045 Genesee Street
Utica, NY 13501

U.S. SOCIAL SECURITY ADMIN.                      SUSAN J. REISS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II    Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

        Currently before the Court, in this Social Security action filed by Courtney Anita Helen Cross ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner"), is Plaintiff's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g). (Dkt. No. 22.)  For the reasons set forth below, Plaintiff's motion is denied.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

Plaintiff was born on August 10, 1985.  (Tr. 175.)  The highest level of education that she achieved was completing the twelfth grade in high school.  (Tr. 181.)  Plaintiff's employment history consists of working as a cashier, front-end worker, pool-cover packer, window sealer and a metal packer.  (Tr. 84, 181.)  Generally, Plaintiff's alleged disability consists of having a mood disorder.  (Tr. 77.)  Plaintiff's alleged disability onset date is February 18, 2011.  (Tr. 77, 175.)

   B.      **Procedural History**

On August 29, 2012, Plaintiff applied for Supplemental Security Income ("SSI").  (Tr. 77.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On May 9, 2014, Plaintiff appeared before the ALJ, Arthur Patane.  (Tr. 36-55.)  On July 7, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act.  (Tr. 20-35.)  On November 27, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (Tr. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

   C.      **The ALJ's Decision**

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law.  (Tr. 20-35.)  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 29, 2012, her application date.  (Tr. 25.)  Second, the ALJ found that Plaintiff had the following two severe impairments: (1) bipolar disorder, and (2) anxiety disorder.  (*Id.*)  Third, the ALJ found that Plaintiff's impairments do not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P,

Appendix, 1. (Tr. 26.) In so doing, the ALJ considered the listings in sections 12.00, 12.04, and 12.06 (the "Listings") as well as the criteria in Paragraphs B and C. (Tr. 26-27.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but is "limited to performing unskilled work in a low stress, low contact work setting, defined as a job involving no more than occasional decision-making, changes in the work setting, or interaction with supervisors, co-workers, or the public." (Tr. 27-30.) Fifth, the ALJ found that Plaintiff does not have past relevant work experience. (Tr. 30.) Sixth, and finally, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30-31.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Generally, Plaintiff makes the following three arguments in support of her motion for remand.

First, Plaintiff argues that she has obtained new medical evidence regarding her disability that is not cumulative of the evidence already in the record. (Dkt. No. 22, Attach. 1, ¶ 10 [Benson Att'y Aff.].)[1] Specifically, this evidence consists of the following four sets of

---

[1] The Court notes that, pursuant to this Court's Local Rules of Practice, "[a]n affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports." N.D.N.Y. L.R. 7.1(a)(2). Plaintiff's counsel has violated this Local Rule by filing an attorney affidavit replete with legal arguments, which ordinarily would not be considered. *See* N.D.N.Y. L.R. 7.1(b)(3) (stating that papers not in compliance with Local Rule 7.1 shall not be considered); *Bruno v. City of Schenectady*, 12-CV-0285, 2014 WL 2707962, at *3 (N.D.N.Y. June 16, 2014) (Suddaby, J.) (stating that "briefadavits" are impermissible in this District); *accord*, *Danford v. City of Syracuse*, 09-CV-0307, 2012 WL 4006240, at *4 n.11 (N.D.N.Y. Sept. 12, 2012) (Suddaby, J.) (citing cases). However, the Court will consider the affidavit out of solicitude to Plaintiff and because the affidavit, when combined with Plaintiff's memorandum of law, does not exceed twenty-five

documents: (1) a psychological evaluation performed by Licensed Psychologist, David Stang, Psy.D., on August 6, 2016; (2) a mental impairment questionnaire completed by Dr. Stang regarding, among other things, Plaintiff's symptoms and functional limitations; (3) a mental impairment questionnaire outlining Plaintiff's residual functional capacity ("RFC") based on Dr. Stang's assessment; and (4) Plaintiff's medical records from Fulton County Mental Health Center and St. Mary's Healthcare, some of which post-date the ALJ's written decision. (Dkt. No. 22, Attachs. 2-6 [Pl.'s Exs. A-E].) Plaintiff argues that this evidence is new and non-cumulative because her former counsel never submitted a medical report during the administrative proceeding pertaining to whether she met any of the mental Listings before July 7, 2014 (the date of the ALJ's decision), or whether she could meet the mental demands of unskilled work. (Dkt. No. 22, Attach. 1, ¶ 10 [Benson Att'y Aff.].)

Second, Plaintiff argues that the proffered evidence is relevant and probative of her mental condition as it existed before the ALJ's decision. (*Id.*, ¶ 11.) This is because Dr. Stang opines that Plaintiff met all of the requirements for three mental Listings, including 12.04, 12.06, and 12.08, at all times from June 2012 and onward. (*Id.*, ¶ 15.) Similarly, Plaintiff argues that Dr. Stang's RFC questionnaire finds seven extreme limitations of function in the critical mental demands required for unskilled work. (*Id.*, ¶ 16.) Plaintiff argues that Dr. Stang's findings are well supported and conflict with the two SSA consultant reports and with the ALJ's conclusion that Plaintiff is not disabled. (*Id.*)

---

pages in length. *See* N.D.N.Y. L.R. 7.1(a)(1) (stating that "[n]o party shall file or serve a memorandum of law that exceeds twenty-five pages in length, unless that party obtains leave of the judge hearing the motion prior to filing"). Plaintiff's counsel is respectfully reminded to comply with this Local Rule in the future.

Third, and finally, Plaintiff argues that good cause exists for the omission of this evidence during the administrative proceedings of her claim. (*Id.*, ¶ 33.) Specifically, Plaintiff argues that the evidence contained in her Exhibits A through C did not exist until Dr. Stang prepared the evidence on August 6, 2016. (*Id.*) Similarly, Plaintiff's treatment records in Exhibit E also did not exist during the relevant time period (i.e., Plaintiff's alleged onset date through the date of the ALJ's decision). (*Id.*) Although the treatment records in Exhibit D did exist, Plaintiff argues that her former counsel failed to obtain these records and submit them to the ALJ. (*Id.*) Plaintiff argues that, because the records in Exhibit D provide a basis for Dr. Stang's retrospective opinions regarding her limitations and symptoms as they existed before the ALJ's decision, good cause exists for their inclusion. (*Id.*) Furthermore, Plaintiff argues that the lack of an RFC or Listing assessment prior to the ALJ's decision means that Plaintiff was not "fully diagnosed or comprehended at the time." (*Id.*)

### B.  Defendant's Opposition Memorandum of Law

Generally, Defendant makes the following three arguments in opposition to Plaintiff's motion for remand.

First, Defendant argues that the new evidence submitted from Dr. Stang does not satisfy the materiality requirement for remand. (Dkt. No. 26, at 10 [Def.'s Opp'n Mem. of Law].)[2] Specifically, Defendant argues that Dr. Stang examined Plaintiff only one time approximately two years after the ALJ's decision and, therefore, his examination does not provide insight into Plaintiff's mental condition as it existed before the ALJ's decision. (*Id.*)

---

[2]  Page citations refer to the page numbers used on CM/ECF rather than the actual page numbers contained in the parties' respective motion papers.

Furthermore, Defendant argues that the evidence provided by Dr. Stang is not sufficiently probative because it is not likely to have changed the Commissioner's decision regarding Plaintiff's claim for the following three reasons: (1) Dr. Stang's opinion that Plaintiff was unable to maintain competitive employment does not warrant special consideration because this is an issue reserved for the Commissioner's determination; (2) the limitations incorporated into the ALJ's RFC already account for Dr. Stang's assessed limitations regarding Plaintiff's poor stress tolerance, her difficulties with concentration and persistence, her interpersonal limitations, and her limitations in understanding and remembering complex or detailed job related instructions; and (3) although Dr. Stang diagnosed Plaintiff with a mild intellectual disability, the ALJ considered evidence relevant to Plaintiff's intellectual functioning at the time of her claim and incorporated appropriate limitations into his RFC to account for those limitations. (*Id.* at 11-16.)

With respect to Dr. Stang's findings in his Mental Impairment Questionnaire, Defendant argues that they are not probative for the following four reasons: (1) whether a claimant has an impairment or combination of impairments that meets or equals a Listing is a determination reserved for the Commissioner; (2) the record does not support Dr. Stang's opinion that Plaintiff's mental impairment met the "B" criteria of Listings 12.04, 12.06, and 12.08; (3) the record evidence contradicts Dr. Stang's findings that Plaintiff had marked limitations in activities of daily living, difficulties maintaining social functioning, and maintaining concentration, persistence or pace; and (4) there is no evidence in Dr. Stang's report or in the record to substantiate his opinion that Plaintiff had four or more episodes of decompensation within a 12-month period, each of extended duration. (*Id.* at 16-19.)

With respect to Dr. Stang's opinion that Plaintiff met the Paragraph "C" criteria during the relevant time period, Defendant argues that Dr. Stang's opinion is contradicted by the medical evidence of record. (*Id.* at 19-20.) Similarly, Defendant argues that there is no evidence to support Dr. Stang's opinion that Plaintiff was unable to function independently outside of her home, as required by Section C of Listing 12.06. (*Id.* at 20.)

With respect to Plaintiff's argument that Dr. Stang's report establishes that her condition also met the requirements of the "A" criteria of Listings 12.04, 12.06, and 12.08, Defendant argues that the medical evidence of record does not support such a finding. (*Id.* at 20-21.) Defendant also argues that Plaintiff's IQ testing, which was part of Dr. Stang's evaluation, is insufficient to demonstrate that her condition met the requirements of 12.05 of the Listings for intellectual disability because (a) an IQ score is not the sole criteria for determining whether a claimant meets the requirements under Listing 12.05, (b) Plaintiff received a higher IQ score when she was tested in September 2009, (c) Dr. Stang diagnosed Plaintiff with only a mild intellectual disability, and (d) Plaintiff graduated from high-school, had a driver's license, and reported activities of daily living, which do not suggest that she has limitations in adaptive functioning. (*Id.* at 21-22.)

Second, Defendant argues that Plaintiff has not shown good cause for her failure to submit new evidence during the administrative proceedings. (*Id.* at 22.) Specifically, Defendant argues that, although the evidence from Dr. Stang did not exist while Plaintiff's claim was pending at the administrative level, Plaintiff must go beyond showing that the proffered evidence did not exist to establish good cause. (*Id.*) Defendant points out that, during the administrative hearing, the ALJ identified the exhibited evidence and asked Plaintiff's former counsel whether

he had everything. (*Id.*) Counsel requested that the ALJ obtain earlier medical evidence from a prior application for Social Security benefits and that he include the evidence in the record. (*Id.* at 22-23.) However, Defendant argues that counsel did not request any other evidence or indicate that he had other evidence that he intended to submit on Plaintiff's behalf. (*Id.* at 23.) Similarly, Plaintiff's former counsel did not request that the ALJ assist in obtaining additional evidence or hold the record open so that additional evidence, including an independent psychological evaluation, could be submitted. (*Id.*) Defendant also argues that it is notable that the record contains treatment records from Fulton County Mental Health Center and that the ALJ obtained a consultative mental evaluation. (*Id.*)

Third, Defendant argues that the progress notes from St. Mary's Healthcare and Fulton County Mental Health (contained in Plaintiff's Exhibits D and E) are merely cumulative of the evidence from these facilities that is already in the record. (*Id.*) With respect to the treatment records that post-date the ALJ's decision, Defendant argues that they are not relevant to the period at issue. (*Id.*) Finally, Defendant argues that these records would not have created a reasonable possibility that the Commissioner would have decided the claim differently because the records show that there was "some improvement," "marked improvement," or no change in Plaintiff's condition. (*Id.*)

    **C.**    **Plaintiff's Reply Memorandum of Law**

Generally, Plaintiff asserts the following two arguments in reply to Defendant's opposition memorandum of law.

First, Plaintiff argues that the case must be remanded to allow the ALJ to consider the evidence of Plaintiff's most recent IQ score and whether or not she meets the requirements of

Listing 12.05(C) and/or (D).  (Dkt. No. 27, ¶ 2 [Pl.'s Att'y Reply Aff.].)³  Plaintiff also argues that case precedent and the SSA Regulations prefer that the lowest IQ score be used in making a disability determination.  (*Id.*, ¶¶ 2-3.)  Plaintiff argues that the ALJ never addressed IQ testing or the applicability of Listing 12.05(C) or (D), noting that the IQ score from 2009 is from a previous unfavorable decision.  (*Id.*, ¶ 4.)  In light of this new evidence, Plaintiff argues that there certainly is a "reasonable possibility" that it would influence the ALJ to decide the claim differently.  (*Id.*, ¶¶ 4-6.)

Second, with respect to Plaintiff's adaptive functioning, she argues that Defendant is incorrect that there is no record evidence that she has deficits in this area because she received a favorable Supplemental Security Income decision on April 3, 1995 (when Plaintiff was nine years old), which noted that she suffered from a severe mental impairment with behavioral abnormalities.  (*Id.*, ¶ 7.)  Furthermore, Plaintiff argues that she was in special education classes from 1997 until she graduated in 2003 and lists several examples from the medical records reviewed by Dr. Stang that indicate that she suffers in the areas of social functioning,

---

³       Once again, the Court notes that Plaintiff's counsel has improperly used an attorney affidavit as the means by which to make legal argument instead of a memorandum of law.  In addition, the Court notes that the "Reply Affidavit of Plaintiff's Attorney" is approximately 15 pages in length, which is in violation of this Court's Local Rules requiring reply briefs to be no longer than ten pages without prior leave of the Court.  *See* N.D.N.Y. L.R. 7.1(b)(1) (stating that "[t]he moving party must file its reply papers, which may not exceed [10] pages").  Because Plaintiff has exceeded the page limit, the Court will not consider the arguments contained in pages eleven through fifteen of her counsel's reply affidavit.  *See McDonough v. Smith*, 15-CV-1505, 2016 WL 5717263, at *8-9 (N.D.N.Y. Sept. 30, 2016) (D'Agostino, J.) (striking pages from memorandum of law that exceeded page limit set forth in local rules); *Piazza v. Eckerd Corp.*, 02-CV-0043, 2003 WL 23350118, at *2 n.9 (W.D.N.Y. Aug. 22, 2003) (disregarding pages 11-22 of defendant's reply brief because those pages exceeded the court's local rules requiring reply briefs to not exceed ten pages).  Plaintiff's counsel is once again reminded to comply with this Local Rule in the future.

interpersonal skills, and communication.  (*Id.*, ¶ 10.)  Plaintiff argues that a finding of disability under these Listings is further supported by Dr. Stang's evaluation, which relates back to the relevant time period, and the testimony she gave during the administrative hearing regarding her functional limitations and deficits of adaptive functioning.  (*Id.*, ¶¶ 11-17.)

**III.    RELEVANT LEGAL STANDARD**

The Social Security Act provides that a district court may remand a case to the Commissioner to consider new and material evidence that was not included as part of the original administrative proceedings. *See* 42 U.S.C. § 405(g) (sentence six) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.").  This type of remand, commonly referred to as a "sentence six remand," is appropriate only if new, non-cumulative evidence presented to the District Court should be considered by the Commissioner and if the claimant can establish good cause for having failed to present the evidence during the original administrative proceedings. *See Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

In the Second Circuit, courts employ a three-prong test to determine whether a sentence six remand is warranted.  *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).  First, the evidence must be "new" and not merely cumulative of evidence in the administrative record.  *Tirado*, 842 F.2d at 597.  Second, the new evidence must be "material," i.e., "it must be relevant to the claimant's condition during the time period for which benefits were denied and probative." *Id.* The "materiality" prong further requires a finding that there is a reasonable possibility that the
-10-

new evidence would have changed the outcome before the Commissioner. *See Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991). Third, and finally, the plaintiff must demonstrate good cause for failing to present the evidence earlier. *Lisa*, 940 F.2d at 43.

IV. **ANALYSIS**

After carefully considering the matter, the Court agrees with Defendant that Plaintiff has failed to establish good cause for having failed to present the proffered evidence during the original administrative proceedings, for the reasons stated in Defendant's opposition memorandum of law. (Dkt. No. 26, at 22-23 [Def.'s Opp'n Mem. of Law].) To those reasons, the Court adds the following analysis.

As recognized by the parties, "'[g]ood cause' for failing to present evidence in a prior proceeding exists where, as here, the evidence surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." *Lisa*, 940 F.2d at 44. Furthermore, "[t]o show good cause, [the plaintiff] must adequately explain her failure to incorporate the proffered evidence into the administrative record. . . . [The plaintiff] must go beyond showing that the proffered evidence did not exist during the pendency of the administrative proceeding. Rather, she must establish good cause for failing to produce and present the evidence at that time." *Id.* at 45.

Here, Plaintiff's counsel appears to argue that good cause exists because Plaintiff's former counsel "never submitted a medical report in the administrative proceeding[.]" (Dkt. No. 22, Attach. 1, ¶ 10 [Benson Att'y Aff.].) Indeed, the suggestion that Plaintiff's former counsel did not do a sufficient job advocating on Plaintiff's behalf during the administrative proceedings is implied throughout the affidavit of Plaintiff's current counsel. (*See*, *e.g.*, *id.*, ¶ 3 [stating that

"Plaintiff's prior attorney did not provide to the ALJ any opinions from a healthcare provider as to whether she met any of the Social Security Mental Listings, or whether she was limited in her ability to meet the functional mental demands of competitive unskilled work"]; *id.*, ¶ 4 [stating that "the only actual treatment record from Plaintiff's providers that was furnished to the file by her former attorney was a one page record of her treatment by Cynthia Forker"]; *id.*, ¶ 7 [stating that, as "Plaintiff's new attorney, I sent her for a complete psychological evaluation by [Dr. Stang]"].) However, the omissions of Plaintiff's former counsel do not establish good cause to obtain a sentence six remand. *See Taylor v. Comm'r*, 43 F. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the claimant's] unstated, but unmistakable, premise that the alleged incompetence of [the claimant's] first attorney constitutes 'good cause' in this context."); *Overby v. Colvin*, 12-CV-0663, 2013 WL 1814594, at *5 (N.D.N.Y. Apr. 4, 2013) (Hines, M.J.) ("[T]here is an implicit suggestion that Overby should be excused from failing to present the evidence at the administrative hearing because he relied on care and vigilance of his former counsel to present proper evidence at the proper time. Such may well have been the case here, but, standing alone, a previous attorney's omissions do not establish good cause to obtain a Sixth Sentence remand."); *Shaver v. Colvin*, 13-CV-0388, 2014 WL 3854143, at *4 (W.D.N.C. Aug. 6, 2014) ("Courts around the country, however, have repeatedly held that '[m]istakes by an attorney are not considered to be 'good cause' for purposes of a remand under Sentence Six.'"); *Gropp v. Astrue*, 09-CV-0030, 2009 WL 5103619, at *4 (W.D.Ky. Dec. 16, 2009) ("Besides implying that previous counsel 'dropped the ball,' the plaintiff has not attempted to provide 'good cause' justification for the failure to submit the evidence prior to the ALJ's decision.").

Similarly, the fact that the proffered evidence did not exist at the time of the administrative proceedings because Plaintiff's former counsel did not send Plaintiff for a psychological evaluation is also without merit. *See Jackson v. Comm'r*, 12-CV-15036, 2014 WL 1304913, at *19 (E.D. Mich. Mar. 31, 2014) (noting the above-stated rule regarding the performance of former counsel in prior proceedings and stating that, "[i]n the instant case, the medical evidence is dated July 7, 2011, so it is new in the sense that it was not in existence at the time of the hearing. However, I suggest that good cause has not been shown. Dr. Swistak is not a treating physician but rather was contacted to perform a 'psychological evaluation' of Plaintiff. . . . I therefore find that the new evidence has not arisen from further treatment but was generated merely for the purpose of attempting to prove disability and, thus, that good cause has not been shown"). Nor does Plaintiff's argument that the proffered evidence did not come into existence until after the ALJ's decision (Dkt. No. 22, Attach. 1, ¶ 33 [Benson Att'y Aff.]) suffice, in and of itself, to establish good cause. *Lisa*, 940 F.2d at 45; *see also Franson v. Comm'r*, 556 F. Supp. 2d 716, 725-26 (W.D. Mich. 2008) (stating that, "[c]ontrary to plaintiff's attorney's assumption . . . , 'good cause' is not established solely because the new evidence was not generated until after the ALJ's decision"). For the foregoing reasons, Plaintiff's motion is denied. The Court notes that it did not consider any arguments regarding whether the ALJ's decision was supported by substantial evidence because, pursuant to this Court's General Order No. 18, when a plaintiff moves for a sentence six remand, adjudication of the merits is stayed until the motion for remand is ruled upon.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g) (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED** that, pursuant to this Court's General Order No. 18, Plaintiff has 45 days from the date of this Decision and Order in which to file a brief challenging the substantive merits of the ALJ's decision, after which Defendant will have 45 days from the date of service of Plaintiff's brief to respond.

Dated: December 1, 2016
       Syracuse, New York

                                       Hon. Glenn T. Suddaby
                                       Chief U.S. District Judge